UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

FILED

2003 OCT 14 P 3: 14

US DISTRICT COURT
HARTFORD CT

WILLIAM E. MIKE, individually and
on behalf of other similarly situated
individuals,
   Plaintiffs,

v.            CASE NUMBER: 3:02 CV 2239(DJS)

SAFECO INSURANCE COMPANY
OF AMERICA,
   Defendant.      OCTOBER 14, 2003

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE
THE DECLARATION OF WILLIAM E. MIKE**

I. INTRODUCTION

   Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Local Rule 7(a) of this District, SAFECO Insurance Company of America ("Safeco" or "Defendant") respectfully submits the following Memorandum of Law in Support of its Motion to Strike the Declaration of William E. Mike ("Mike Declaration") dated September 4, 2003. Plaintiff William E. Mike ("Plaintiff") filed the Mike Declaration in support of his Motion for Class Certification, also dated September 4, 2003.

   Plaintiff purports to submit the Mike Declaration as the factual basis upon which this Court should rely in determining the propriety of his Motion for Class Certification. Plaintiff's Declaration cannot, however, provide that basis, as its substantive content is based largely on speculation, conjecture, and a complete lack of personal knowledge. Those portions of the Mike Declaration not based on his personal knowledge, which are based on speculation and conjecture, or which are not otherwise legally sufficient, should be stricken.

II.     ANALYSIS

    A.     A Motion To Strike Is The Appropriate Means To Challenge The Legal Sufficiency Of The Plaintiff's Declaration

A Motion to Strike is appropriate if an affidavit contains inadmissible evidence or is not made on the basis of personal knowledge. See Fed.R.Civ.P. 12(f); Fed.R.Civ.P. 56(e). Rule 56(e) of the Federal Rules states, in relevant part, that:

> [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

A court may therefore strike portions of an affidavit which are not based upon the affiant's personal knowledge, which contain inadmissible hearsay or which make generalized and conclusory statements. See United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir. 1995).

    B.     The Portions Of The Mike Declaration Containing Inadmissible Evidence Or Lacking Proper Foundation In Personal Knowledge Should Be Stricken

Those portions of the Mike Declaration that purport to attest to information which is not based on Plaintiff's personal knowledge, or which are comprised of inadmissible hearsay, conclusory allegations and generalized legal conclusions, are legally insufficient to support his underlying Motion for Class Certification. Such statements are not admissible evidence and, therefore, cannot be considered for purposes of assessing or determining the motion in support of which they are filed. See Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999) (striking those portions of plaintiff's affidavit that consisted of hearsay, conclusory statements and arguments, and information not based on affiant's personal knowledge); Flair Broadcasting Corp. v. Powers, 733 F. Supp. 179, 182-183 (S.D.N.Y. 1990) (striking portions of witness' affidavit not based on personal knowledge.)

It is axiomatic that an affidavit must contain a recitation of facts known personally to the affiant. If an affiant attempts to attest to "facts" not personally known to him, or if he attempts to state as "fact" a generalized or conclusory statement, courts regularly disregard those portions of the affidavit. See Hollander, 172 F.3d at 198; see also Whitney Ave. Corp. v. Heritage Canal Development Associates, Inc., 33 Conn. App. 563, 569 (1994) ("if an affidavit contains inadmissible evidence it will be disregarded.") While a witness in open court may be allowed to give summary testimony as to something he has not personally observed if the testimony is admissible under an exception to the hearsay rule, see United States v. Krulewitch, 167 F.2d 943, 948 (2d Cir. 1948), rev'd on other grounds, 336 U.S. 440, 93 L. Ed. 790, 69 S. Ct. 716 (1949), it is clear that such liberality does not extend to affiants attempting to support written motions to the court. See Kletschka v. Driver, 411 F.2d 436, 449-450 (2d Cir. 1969) (holding that conclusory statements of opinion in affidavits are entitled to no weight in the court's deliberative process.) When the statements in a movant's affidavit can only be classified as opinion and conclusion, those statements must be excluded. Dorazio v. M.B. Foster Electric, Co., 157 Conn. 226, 229 (1968) (affirming summary judgment for defendant where plaintiff's opposing affidavit contained inadmissible hearsay and failed to recite facts based on personal knowledge.)

The Mike Declaration is speculative, conclusory, and lacking a proper basis in Plaintiff's personal knowledge. Plaintiff concedes he did not commence employment with Safeco until April of 2000, and that he was one of only eight (8) Field Representatives in the State of Connecticut. (Mike Dec., ¶ 6.) Yet he baldly asserts that all other Field Representatives employed <u>at any time</u> prior to July 2001 in seventeen states across America performed the same duties. (Mike Dec., ¶¶ 17, 18.) Plaintiff provides an exhaustive list of job duties in which he

3

contends, with no personal knowledge, all Field Representatives in seventeen different states across the country engaged. (Mike Dec., ¶ 17.) Throughout the Declaration, Plaintiff makes similarly broad, conclusory statements related to the work of other Field Representatives about which he could not have personal knowledge. For example, Plaintiff summarily asserts that:

- "My position, <u>and that of the other Field Reps</u> with whom I worked, was the position described on page M0002746 of the "ORG 401" module as "Physical Damage (PD) Rep." (Mike Dec., ¶ 12.) (Emphasis added.)

- "I <u>and the other Field Reps</u> with whom I worked were required by the Defendant to perform the tasks listed (in Paragraph 17), and had no discretion to omit or vary from the tasks for a particular claim." (Mike Dec., ¶ 18.) (Emphasis added.)

- "I <u>and the other Field Reps</u> with whom I worked were required to abide by the estimate figure produced by "Pathways," and had no discretion to vary from that figure without documentation to show that either the cost of a part in "Pathways" was incorrect, or that the labor time assigned by "Pathways" for a particular task differed from the labor time listed in the Mitchell Estimating System manual (an industry-standard manual)." (Mike Dec., ¶ 19.) (Emphasis added.)

- "The only figures that I <u>and the other Field Reps</u> with whom I worked were permitted to negotiate were the number of hours of labor to be paid to a repair shop for hand-repairs or "frame-pulling." (Mike Dec., ¶ 20.) (Emphasis added.)

- "Prior to July 16, 2001, <u>all Claims Representatives</u>, which included PD Reps, were classified by the Defendant as exempt and employees in those positions, including myself, were not paid overtime." (Mike Dec., ¶ 36.) (Emphasis added.)

4

- "Prior to July 16, 2001, it was common for PD Reps in the Hartford, Connecticut Staff Region to work more than forty hours per week." (Mike Dec., ¶ 43.)

The bases for the foregoing attestations are nothing more than Plaintiff's summary assertions that he performed the same job duties, in the same amount of time, in the same proportions, and worked under the same conditions of employment, as other individuals employed by Safeco in locations around the country at any time prior to July 16, 2001. Plaintiff was a Safeco employee for only one year and three months of that time. Plaintiff does not attest that he personally witnessed even one other Safeco employee perform a single job function during that time period. Plaintiff does not provide an affidavit from any other individual supporting the broad assertions in the Mike Declaration. Nor does Plaintiff provide any support for his assertion that the training materials he received were used in other Safeco locations other than his conclusory assertion that they "appeared to be applicable company-wide." (Mike Dec., ¶ 8.)

Accordingly, Paragraphs 8, 12, 17, 18, 19, 20, 36 and 43 of the Mike Declaration are based on nothing more than speculation and conjecture. In each of these paragraphs, Plaintiff makes unsupported assertions regarding the daily responsibilities of Field Representatives around the country with whom he never worked or observed working. These statements are clearly conjecture by Plaintiff. His purported attestations of fact are nothing more than the "self-serving, unsubstantiated speculation" that simply "does not amount to competent evidence" that can be considered as part of this Court's deliberative process. Whitney Ave Corp., 33 Conn. App. at 568. Consequently, these paragraphs are legally insufficient and should be stricken from the Mike Declaration.

In a similarly legally insufficient manner, Plaintiff proffers statements in paragraphs 41 and 44 about which he acknowledges that he lacks actual personal knowledge. Plaintiff states:

- "At no time did the Defendant ever inform me or, <u>to the best of my knowledge and belief</u>, any other PD Rep, that I or any other PD Rep may be entitled to overtime pay for overtime worked prior to July 16, 2001." (Mike Dec., ¶ 41; emphasis added.)

- "Neither I nor, <u>to the best of my knowledge and belief</u>, any other PD Rep, have been paid for any overtime worked prior to July 16, 2001." (Mike Dec., ¶ 44; emphasis added.)

A statement in an affidavit asserting that information is correct "to the best of (the movant's) knowledge" is insufficient as a proffer of evidence because it does not meet the requirement that affidavits be based on the affiant's personal knowledge. <u>Lopez-Carrasquillo v. Rubianes</u>, 230 F.3d 409, 414 (1st Cir. 2000). In <u>Lopez-Carrasquillo</u>, the First Circuit granted summary judgment to the defendant where the plaintiff offered an affidavit that was "correct in all its parts to the best of (his) knowledge" in opposition to the motion. <u>Lopez-Carrasquillo</u>, 230 F.3d at 414. Citing Fed. R. Civ. P. 56(e), the court held that attestations made only "to the best of one's knowledge" were insufficient as a matter of law to serve as supporting evidence because they were not, on their face, based on the affiant's personal knowledge. <u>Id.</u> (citing <u>Carmona v. Toledo</u>, 215 F.3d 124, 131 (1st Cir. 2000) (noting that such affidavits must be made on personal knowledge and set forth facts that would be admissible in evidence)).

Plaintiff's statements "to the best of his knowledge" in paragraphs 41 and 44 of the Mike Declaration are similarly insufficient to serve as supporting evidence for his Motion for

6

Class Certification, as they are not based on Plaintiff's personal knowledge. As such, this Court should disregard these provisions and strike them from the Mike Declaration.

Plaintiff also asserts that he shared access to a computer system and that he received telephone calls from company employees outside Connecticut. (Mike Dec., ¶¶ 24, 25, 26.)[1] These are nothing more than a desperate attempt to convince this Court that he has the personal knowledge requisite to making a legally sufficient attestation. His attempt fails. Neither shared access to a computer system nor unspecified telephone calls from unidentified employees imbue Plaintiff with personal knowledge to testify to the job duties performed by other individuals employed at any time prior to July 16, 2001 and in every Safeco location in seventeen states around the country. Plaintiff's statements in Paragraphs 24, 25, and 26 of shared computer access and occasional phone calls -- the substance of which the Plaintiff nowhere describes -- are inadmissible hearsay that is the equivalent of statements made to the best of his knowledge and belief. Accordingly, those paragraphs of the Declaration are insufficient to serve as supporting evidence for Plaintiff's Motion for Class Certification, and they should be stricken.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike the Declaration of William E. Mike should be granted.

---

[1] In Paragraph 24, Plaintiff asserts that the computer systems he accessed could be accessed by Defendant's personnel nationwide. In Paragraph 25, he states that he often received telephone calls from Defendant's personnel who were located outside of the State of Connecticut. In Paragraph 26, Plaintiff asserts that the out-of-state personnel were using the same computer systems he was using.

THE DEFENDANT,
SAFECO INSURANCE COMPANY OF
AMERICA


By: *Margaret J. Strange* (signature)
Margaret J. Strange (ct08212)
James F. Shea (ct16750)
JACKSON LEWIS LLP
55 Farmington Avenue
Hartford, CT 06105
Ph. (860) 522-0404
Fax (860) 247-1330

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was mailed via first class mail, postage prepaid, on this 14th day of October, 2003 to the following counsel of record:

Anthony J. Pantuso
Hayber & Pantuso, LLC
221 Main Street, Suite 400
Hartford, CT 06106
Ph. (860) 522-8888

William Madsen, Esq.
Madsen Prestley & Parenteau LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
Ph. (860) 246.2466

*Margaret J. Strange*
Margaret J. Strange