UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 AUG -5 P 5: 12

U.S. DISTRICT COURT
HARTFORD, CT.

WILLIAM E. MIKE, individually      :
and on behalf of other            :
similarly situated               :
individuals,                     :
                                 :
        Plaintiffs,              :
                                 :
v.                               :
                                 :      No. 3:02CV2239(DJS)
                                 :
SAFECO INSURANCE COMPANY OF      :
AMERICA,                         :
                                 :
        Defendant.               :

## MEMORANDUM OF DECISION AND ORDER

Plaintiff William Mike, brings this action against defendant
Safeco Insurance Company of America ("Safeco") alleging a
violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§
201-262, and the Connecticut Minimum Wage Act, Conn. Gen. Stat.
§§ 31-58-31-69b.  In Count Three of the Second Amended Complaint,
Mike purports to bring a claim on behalf of a class of Safeco
employees under the Connecticut Minimum Wage Act and other state
minimum wage laws.  Now pending is Mike's motion to certify a
class (dkt. # 82) of plaintiffs asserting a violation of the
minimum wage laws of several states.  For the reasons set forth
herein, Mike's motion is **DENIED**.

### I. FACTS

The merits of this lawsuit concern the application of the
administrative exemption from the FLSA's requirement that workers
be paid overtime.  See 29 U.S.C. § 213(a)(1).  The court has

previously set forth the pertinent facts in the Memorandum of
Decision and Order dated July 15, 2003 (dkt. # 69), see Mike v.
Safeco Ins. Co. of America, 274 F. Supp. 2d 216, 221 (D. Conn.
2003), which facts are adopted for the purpose of deciding the
pending motion.  The following is a brief summary of these facts.

From the time of his hire in April of 2000 until December of
2002, Mike worked for Safeco as a Claims Representative.  Mike
was a type of Claims Representative called a Field Claims
Representative,[1] (see dkt. # 46, Ex. A, ¶ 6), and was
"responsible for handling those portions of the claim adjustment
process that require the physical presence of a company
representative," (dkt. # 46, Ex. D at M0002741), as opposed to
those functions that could be handled exclusively from a remote
location.  On July 16, 2001, Safeco reclassified all Claims
Representatives, including the sub-class of Field Claims
Representatives, as non-exempt.  (See Dkt. # 46, Ex. C, Response
to Int. # 3 at 6).  Mike claims that, given his day-to-day job
responsibilities, which he alleges consisted primarily of
appraising auto damage and estimating the cost of repair,[2] Safeco

_____

[1] At times Mike refers to himself as an "auto appraiser" and
a "Claims Field Representative".  Safeco claims that neither
position exists.  The court will use the job titles provided by
Safeco.

[2] Safeco argues that the court should disregard several
statements in Mike's affidavit filed in support of his motion.
These statements refer to discussions with unidentified Safeco
employees regarding what Mike deems common job responsibilities.

erroneously classified him as exempt prior to July 16, 2001.
Mike claims that other Safeco employees were also erroneously
classified, and he now requests that the court certify a class of
Safeco employees to assert a violation of several state wage and
hour laws against Safeco.

On July 15, 2003, this court denied Mike permission to
prosecute his FLSA claim as a collective action.  Mike is a Field
Claims Representative.  Safeco has published a job description
for this position, which lists a variety of tasks to be performed
by a Field Claims Representative, including appraising automobile
damage.  Mike claims that he does not perform all the appointed
tasks but rather that he exclusively appraises automobile damage.
Mike also claims that, contrary to Safeco's published job
description, other Field Claims Representatives also exclusively
appraise automobile damage.   He seeks to proceed on behalf of
those Field Claims Representatives who also exclusively appraise
automobile damage.  The court previously found that he may not do
so because, prior to reaching the merits of the claims set forth
in the complaint, the court would have to conduct an individual
inquiry with respect to each proposed class member in order to
determine if he or she also exclusively appraised auto damage in

Although the court does not order these statements stricken from
the record, the probative value of these statements is minimal.
In rendering a decision, the court has relied only upon
statements in Mike's affidavit that reflect his personal
knowledge of company practices.

--3--

contradiction to Safeco's published job description.  The court
found, and now finds again with respect to the pending motion,
that conducting these individual inquiries would eliminate any
potential benefit to prosecuting Mike's claims on behalf of a
class.

## II. DISCUSSION

The FLSA states that no employer within the meaning of the
Act "shall employ any of his employees . . . for a workweek
longer than forty hours unless such employee receives
compensation for his employment in excess of the hours above
specified at a rate not less than one and one-half times the
regular rate at which he is employed."  29 U.S.C. § 207(a)(1).
This general mandate, however, does not apply to persons employed
in a bona fide executive, administrative, or professional
capacity.  See 29 U.S.C. § 213(a)(1).  The state statutes Mike
relies upon in the class counts of his complaint involve
substantially the same analysis.  (See Dkt. # 85, Ex. A).

In order to obtain class certification, Mike must identify a
class of individuals and satisfy each of the four prerequisites
set forth in Rule 23(a) of the Federal Rules of Civil Procedure.
See Caridad v. Metro-North Commuter Railroad, 191 F.3d 283, 291
(2d Cir. 1999).  Once those prerequisites are satisfied, Mike
must also demonstrate that class certification is warranted under
one of the three subsections of Rule 23(b).

-4-

A. CLASS COMPOSITION

In addition to the specific criteria set forth in Rule 23, Mike must also identify a class. "[T]he requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." 7A Charles A. Wright, et al., <u>Federal Practice and Procedure</u> § 1760, at 120-21 (2d ed. 1986); <u>see</u> <u>In re A.H. Robins Co., Inc.</u>, 880 F.2d 709, 728 (4th Cir. 1989) ("Though not specified in the Rule, establishment of a class action implicitly requires both that there be an identifiable class and that the plaintiff or plaintiffs be a member of such class."), <u>abrogated on other grounds</u>, <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S. 591 (1997); <u>Clay v. American Tobacco Co.</u>, 188 F.R.D. 483, 490 (S.D. Ill. 1999) ("It is absolutely necessary that for a class action to be certified, the class must be susceptible to a precise definition. Therefore, the class description must be sufficiently definite so that it is administratively feasible for the Court to determine whether a particular individual is a member of the proposed class. Furthermore, for a class to be sufficiently defined, the identity of the class members must be ascertainable by reference to objective criteria."). One reason courts have cited for finding that a class definition is untenable is that defining membership in the proposed class would

-5-

involve "a mini-hearing on the merits of each class member's case. . . ." Sanneman v. Chrysler Corp., 191 F.R.D. 441, 446 (E.D. Pa. 2000). This undertaking would cause "serious administrative burdens that are incongruous with the efficiencies expected in a class action." Id.; see White v. Williams, 208 F.R.D. 123, 129-30 (D.N.J. 2002) ("Adoption of this definition would require the Court to conduct a number of mini-trials or to employ some other screening mechanism prior to defining the class."); Mueller v. CBS, Inc., 200 F.R.D. 227, 233 (W.D. Pa. 2001) (finding that the proposed class definition was untenable because each individual plaintiff would have to first demonstrate that he or she had been terminated in order to prevent him or her from collecting employee benefits); Kline v. Security Guards, Inc., 196 F.R.D. 261, 266-68 (E.D. Pa. 2000) ("Because it would be impossible to definitively identify class members prior to individualized fact-finding and litigation, the proposed class fails one of the basic requirements for a class action under Rule 23 of the Federal Rules of Civil Procedure.").

The proposed class is untenable because the court would have to conduct an individual inquiry regarding the merits of each proposed plaintiff's claim in order to determine class membership. Mike seeks leave to proceed on behalf of "[a]ll current and former employees" of Safeco who were employed by Safeco on July 16, 2001 and

> whose primary duties were to appraise damaged
> automobiles by inspecting and estimating of auto losses
> including but not limited to the positions of (1)
> Claims Field Representatives- PD (Physical Damage)
> Representative, or (2) Field Claims Representative- PD
> (Physical Damage) Representative, or (3) Field
> Representative- PD (Physical Damage) Representative. .
> . .

(Second Am. Compl. ¶ 5). As this court has previously stated in

this action,

> Regardless of the possibility that another employee's
> "primary duties were to appraise damaged automobiles,"
> any other plaintiff would also have to present specific
> evidence of his or her daily tasks, and the court would
> have to apply the regulations on an individual basis.
> Further, in order to determine membership in the class
> Mike identifies in his Second Amended Complaint, the
> court would have to engage in an ad hoc inquiry for
> each proposed plaintiff to determine whether his or her
> job responsibilities were similar to Mike's.

Mike v. Safeco Ins. Co. of America, 274 F. Supp. 2d 216, 221 (D.

Conn. 2003). The same reasons that preclude Mike from proceeding

as a collective action under the FLSA preclude him from defining

a tenable class under Rule 23.

In both instances, the pertinent inquiry is not whether

there are any employees who, like Mike, perform primarily non-

administrative tasks, but rather whether there is any efficient

way to identify potential class members. Mike argues that Safeco

deviated from its job description by restricting the tasks he

performed to exclusively non-administrative tasks, effectively

carving out a sub-class of Field Claims Representatives who

performed only or primarily non-administrative tasks. In order

-7-

to proceed on behalf of a class, Mike must establish that Safeco deviated from its job description in a similar manner in assigning tasks to other Field Claims Representatives so that the court can readily identify the class members. The reason why Mike's proposed class cannot be certified is not because Mike and the putative class members did not actually perform the same day-to-day tasks, but rather that Mike has not identified any basis, such as a Safeco company policy carving out a sub-class of non-exempt employees, for the court to conclude that other employees are similarly situated to Mike. Mike did not, and has not with respect to the instant motion, offered any basis for the court to conclude that Safeco deviated from its policy on a company-wide basis.    Therefore, no benefit is derived from proceeding as a class action because class membership is not founded upon any Safeco policy or other generalized proof, but rather on the fact-specific determination of each individual plaintiff's day-to-day tasks. Cf. Scott v. Aetna Services, Inc., 210 F.R.D. 261, 265 (D. Conn. 2002) (denying motion to decertify an FLSA collective action because plaintiffs, despite working on different assignments, shared a common job category and duties and could therefore present generalized proof in support of their claims).

The problems inherent in Mike's proposed class are similar to the problems presented where a plaintiff names a class of "all others whose rights have been violated by defendants action." By

-8-

defining the class as persons whose rights have been violated, a
plaintiff necessarily creates a threshold inquiry that defines
class membership: determining whether each plaintiff's rights
were violated.  Where a threshold inquiry is necessary to
determine class membership, the benefits to proceeding as a class
action are eviscerated.

Mike's proposed class also creates a threshold inquiry
defining class membership.  In order to ascertain membership in
the proposed class, the court must first determine which Field
Claims Representatives performed predominantly damage appraisals
or other non-administrative work.  This threshold inquiry
requires a fact-specific, individualized determination for each
plaintiff prior to addressing the merits of the claims in the
complaint.  As such, class certification is not beneficial.

### B. RULE 23(b)

Rule 23(b) provides, in pertinent part, the following:

> An action may be maintained as a class action if the
> prerequisites of subdivision (a) are satisfied, and in
> addition:
>
>            * * *
>
> (3) the court finds that the questions of law or fact
> common to the members of the class predominate over any
> questions affecting only individual members, and that a
> class action is superior to other available methods for
> the fair and efficient adjudication of the controversy.
> The matters pertinent to the findings include: (A) the
> interest of members of the class in individually
> controlling the prosecution or defense of separate
> actions; (B) the extent and nature of any litigation
> concerning the controversy already commenced by or
> against members of the class; (C) the desirability or
> undesirability of concentrating the litigation of the

claims in the particular forum; (D) the difficulties
likely to be encountered in the management of a class
action.

Fed. R. Civ. P. 23(b).  Having decided that Mike's proposed class

is incapable of being defined in an efficient manner, the court

will not make findings with respect to an undefined and

hypothetical class under Rule 23(a).  Even if a class could be

defined, however, and Mike could meet the criteria set forth in

Rule 23(a), a class action is not the superior method of

presenting the claims in the complaint due to the individualized

proofs necessary to identify class members under these

circumstances.  As such, Mike has not demonstrated that class

certification is appropriate under Rule 23(b).

### III. CONCLUSION

For the reasons set forth herein, Mike's motion to certify a

class (dkt. # 82) is **DENIED**.  All counts brought on behalf of a

class are **DISMISSED**.  Safeco's motion to strike (dkt. # 89) is

**DENIED**.

So ordered this 5th day of August, 2004.

_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE

-10-